ANNIE LEE PAYNE and GUS T. PAYNE, her husband, and THE FIRST NATIONAL BANK OF KISSIMMEE, a corporation, *Appellants*, vs. JOHN STUMP, *Appellee*.

139 So. 191.

En Banc.

Opinion filed January 19, 1932.

*J. T. McBrayer,* of Tampa, Solicitor for Appellants;
No one for Appellee.

MATHEWS, C.—Appellee, John Stump, hereinafter re-
ferred to as complainant, filed a bill in the court below
against his daughter, Annie Lee Payne and her husband
Gus T. Payne and The First National Bank of Kissimmee,
a corporation, alleging that the complainant was the owner
of a certain savings deposit in the First National Bank of
Kissimmee, Florida, and the owner of certain promis-
sory notes and lands in the bill of complaint described,
and that his daughter Annie Lee Payne and her husband,
Gus T. Payne, conspired in different ways to obtain all
of said property, and that while he was nervous and ex-
cited and not fully aware of anything he did and while
he feared the seizure of his property by other children
of his under a judgment, that defendants Annie Lee
Payne and husband obtained possession from him of said
notes and savings deposit by having him transfer said
notes by endorsement to the defendant Annie Lee Payne
and by having him change the savings deposit to a
joint account of his and Annie Lee Payne and by having
him give a Warranty Deed of said land to Annie Lee
Payne, with a life estate reserved in himself.

The bill prays that the deed referred to be declared null
and void and be cancelled of record; that the joint sig-
nature card and letter of instruction given to the Bank be
cancelled, and that complainant be decreed to be the owner
of the savings deposit and notes; that the Bank be directed
to honor checks on the savings account when signed only
by complainant and that the defendant Annie Lee Payne
be required to return the several promissory notes to com-
plainant and for other relief.

The defendant Annie Lee Payne and Gus T. Payne, her

husband, answered the bill of complaint denying the material allegations thereof. Defendant, The First National Bank of Kissimmee, filed an answer admitting it held the savings deposit subject to instructions contained in the letter mentioned in the bill of complaint.

Testimony was taken and final decree entered cancelling the signature card of complainant and defendant Annie Lee Payne, also the letter of instructions to the Bank and complainant's endorsements on the several notes then unpaid. The decree sets forth that the complainant John Stump is the owner of the bank account mentioned, with accrued interest thereon, and the several promissory notes in the decree described, and also the furniture, fixtures and personal effects (with certain exceptions not material here) contained in the dwelling house located on the land described in the deed referred to in the bill of complaint.

Cancellation of the deed was denied in and by the final decree, and the defendant, Annie Lee Payne, a married woman, was ordered to deliver up the certain promissory notes upon which the endorsement of complainant was cancelled, within thirty days from the filing of the decree; and it was further decreed "or in the event she is unable to deliver said notes that she do pay to the complainant John Stump the sum of $1150.00 together with all accrued interest on said notes."

No cross errors are assigned by appellee, and this case as presented here questions:

(1) The sufficiency of the evidence to support that part of the decree finding complainant to be the owner of the savings deposit and notes and cancelling the joint signature card and letter to the bank and endorsement upon the notes and decreeing that the notes be surrendered.

(2) The authority of the court below to decree that in the event the defendant Annie Lee Payne, if unable to deliver the notes, that she do pay the sum named in the decree, with interest.

An examination of the record discloses ample substantial evidence therein fully sufficient to support that part of the decree complained of finding title to the notes and savings account to be in the complainant and decreeing a cancellation of the joint signature card and letter to the bank and the endorsement of complainant on the promissory notes and ordering that the notes be delivered up to the complainant.

As to that part of the decree which required the appellant, Annie Lee Payne, a married woman, in the event she is unable to deliver the notes, that she do pay to the complainant the sum named in the decree, this is erroneous. This part of the decree does not appear to be a judgment in tort against a married woman nor does it appear to be a judgment which is enforceable against the property of a married woman under the provisions of Sections 1 and 2, Article XI of the Constitution of Florida.

It nowhere appears from the testimony that Annie Lee Payne is a free dealer.

A trustee, to be personally liable, must be *sui juris,* and where the common law disabilities of coverture prevail, a married woman does not become personally liable for her breach of trust. 3 Pomeroy's Equity Jurisprudence, Section 1079.

The decree is therefore reversed and the cause remanded with directions to the lower court to enter a final decree correcting the error above pointed out by so reforming the same as to require the respondent, Annie Lee Payne, to deliver the notes mentioned in the decree to the complainant, or to pay to complainant, John Stump, such of the proceeds of said notes as she might have in her possession in the event said notes shall have been converted by her into money and said moneys remain in her possession, custody or control. In all other respects the decree appealed from is affirmed.

PER CURIAM.—The record in this case having been con-

sidered by the court and the foregoing opinion prepared under Chapter 14553, Acts of 1929 (Extra Session), adopted by the court as its opinion, it is considered, ordered and decreed by the court that the decree of the court below be and the same is hereby reversed and the cause remanded for the purpose of directing the lower court to enter a final decree correcting the error in the decree as pointed out in the opinion.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.